IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| PATRICK HOWARD, § | |
| TDCJ No. 00769553, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 7:20-cv-00093-O-BP |
| § | |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Patrick Howard pursuant to 28 U.S.C. § 2254. ECF No. 1. Howard challenges the validity of his conviction for murder. After consideration of the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **TRANSFER** the Petition to the United States Court of Appeals for the Fifth Circuit for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Petitioner is an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas, and brings this action pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner attempts to challenge the validity of his Dallas County conviction for murder in 1996 for which he received a life sentence. *Id*. The Petition appears to be successive because it challenges the same conviction Petitioner challenged in *Howard v. Thaler*, No. 3:10-CV-01731-P-BH, 2010 WL 4180424 (N.D. Tex. 2010), *rec. accepted*, 2010 WL 4168630 (N.D. Tex. Oct. 18, 2010) (dismissed as time barred) and *Howard v. Stephens*, No. 3:14-CV-00225-K-BK, 2014 WL

642770 (N.D. Tex. 2014), *rec. accepted*, (N.D. Tex. Feb. 18, 2014) (successive petition transferred to the court of appeals). By order dated April 15, 2014, the United States Court of Appeals for the Fifth Circuit denied Petitioner authorization to file a successive habeas corpus petition in the second case. *See* ECF No. 9 in Cause No. 3:14-CV-00225-K-BK.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. In general, a later petition is successive when it raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009); *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003).

In this action, Petitioner again seeks to challenge his 1996 conviction by asserting that his trial counsel was ineffective. ECF No. 1. Petitioner also attempts to raise a new claim by arguing that the recent decision of the Supreme Court in *Ramos v. Louisiana*, ___ U.S. ___, 140 S.Ct. 1390 (2020) applies to his case. *Id.* Petitioner notes that the Court has granted a writ of certiorari in *Edwards v. Vannoy*, ___ U.S. ___, 2020 WL 2105209 (May 4, 2020) on the question of whether *Ramos* applies retroactively to cases on federal collateral review.

In general, to state a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). In *Ramos*, the Supreme Court held that the Sixth Amendment to the United States Constitution as applied to the States under the Fourteenth Amendment requires a unanimous jury verdict to convict

a defendant of a serious criminal offense. Although Petitioner does not suggest that his 1996 conviction resulted from a non-unanimous verdict or otherwise explain how the rule announced in *Ramos* affects his case, he argues that the decision permits him to file a successive habeas corpus petition. ECF No. 1.

Before a petitioner may file his application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A)–(B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the United States Court of Appeals has first granted the petitioner permission to file such a petition. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (*per curiam*) (section 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (section 2254 habeas petition).

The Fifth Circuit has not issued an order authorizing the court to consider the successive petition in this case. Petitioner must obtain such an order before he can file a third petition for habeas relief challenging his underlying criminal conviction. Petitioner's current application is successive under AEDPA, and his failure to obtain leave from the Fifth Circuit under Section 2244(b)(3) before filing his current application "acts as a jurisdictional bar to [this court] asserting jurisdiction over [it] until [the Fifth Circuit grants him] permission to file [it]." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citations omitted).

Under these circumstances, a district court may either dismiss the petition without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, or it may opt to transfer a successive habeas petition to the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). This appears to

be Petitioner's second successive habeas application concerning the validity of his conviction. But because it is the first to assert a new rule of constitutional law as a ground for filing a successive petition, transfer is appropriate. *Compare Adams v. Davis*, 3:17-CV-1133-N-BN, 2017 WL 2535863, at *1 (N.D. Tex. May 2, 2017), *rec. adopted*, 3:17-CV-1133-N, 2017 WL 2505495 (N.D. Tex. June 9, 2017) (transfer appropriate where no history of successive petitions aimed at same issue), *with United States v. King*, Nos. 3:97-CR-0083-D-01 & 3:03-CV-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003) (history of filing successive petitions warranted "dismissal without prejudice . . . [to] better serve[] the interests of justice than a transfer[.]"). Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **TRANSFER** the instant Petition to the Fifth Circuit for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed July 15, 2020.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE